

**GIBSON LAW PARTNERS**

ATTORNEYS AT LAW

November 24, 2021

Honorable Louis Perret                                    *Via Electronic Filing*
East Baton Rouge Parish Clerk of Court
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re    Electric Line Technologies, LLC, et al v. Hunting Titan, Inc.
      Docket No. _____, 19th JDC, East Baton Rouge Parish, LA

Dear Mr. Perrett:

Enclosed herewith for filing on behalf of ELECTRIC LINE TECHNOLOGIES, LLC and DPM (Derouen's Precision Machine), LLC the following:

(1)   Petition for Damages;
(2)   Request for Notice of Trial Date, Etc.; and
(3)   Requests for Production of Documents.

Please serve the defendant as indicated and notify me of the date and type of service.

With best wishes, I remain,

Very truly yours,

James H. Gibson
Charles M. Kreamer. Sr.
Alan W. Stewart
Phone # 337-761-6023
Fax # 337-761-6061
Email:  jimgibson@gibsonlawpartners.com
Email:  charleskreamer@gibsonlawpartners.com
Email:  alanstewart@gibsonlawpartners.com
Enclosures

**2448 Johnston Street - P.O. Box 52124 (70505) Lafayette, LA 70503
Telephone: 337-761-6023 Facsimile: 337-761-6061**

**EXHIBIT A**

EAST BATON ROUGE PARISH
Filed Nov 24, 2021 10:45 AM
Deputy Clerk of Court
E-File Received Nov 24, 2021 10:32 AM

C-713598
26

| | |
|---|---|
| **ELECTRIC LINE TECHNOLOGIES, LLC and DPM (DEROUEN'S PRECISION MACHINE), LLC** | **DOCKET NO. _____** |
| | **19th JUDICIAL DISTRICT COURT** |
| **V.** | **PARISH OF EAST BATON ROUGE** |
| **HUNTING TITAN, INC.** | **STATE OF LOUISIANA** |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, ELECTRIC LINE TECHNOLOGIES, LLC and DPM (DEROUEN'S PRECISION MACHINE), LLC, who respectfully represent as follows:

### Parties

1.

Plaintiff, ELECTRIC LINE TECHNOLOGIES, LLC ("ELT"), is a Louisiana limited liability company with its domicile address as 1106 Garber Road, Broussard, LA 70518.

2.

Plaintiff, DPM (DEROUEN'S PRECISION MACHINE), LLC ("DPM"), is a Louisiana limited liability company with its domicile address at 102 Jared Drive, Broussard, LA 70518.

3.

Made defendant herein is HUNTING TITAN, INC. ("Hunting"), a Texas corporation with its principal business establishment in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802 and whose registered agent is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

### Venue

4.

Venue is proper pursuant to Louisiana Code of Civil Procedure article 42.

### Background

5.

On or about November 15, 2002, Derrick Derouen founded Electric Line Technologies, Inc. ("ELT Inc."), a Louisiana company that designed and manufactured electric and other wireline tools for use in the oil and gas industry.

6.

In the last quarter of 2003, an oral contract was entered into between ELT Inc. and Tek-Co Tools ("Tek-Co") through their respective owners, Derrick Derouen and James "Woody"

1

Woodruff. Pursuant to this agreement, ELT Inc. would manufacture its proprietary centralizer tools and casing collar locators ("CCL") for Tek-Co, and ELT Inc. would retain sole ownership of the designs for those tools and their component parts. Tek-Co further agreed to exclusively purchase the applicable centralizer tools and CCLs only from ELT Inc.

7.

ELT Inc. first began designing its centralizer tools on or about October 22, 2002, when it designed and drew the following parts for use in its 1 $^{11}/_{16}$" bow spring centralizer:

(a) 1 $^{11}/_{16}$" bow spring centralizer collar (ELT Drawing No. 1687-000-003);

(b) 1 $^{11}/_{16}$" bow spring centralizer adjustment sleeve (ELT Drawing No. 1687-000-006); and

(c) 1 $^{11}/_{16}$" bow spring centralizer washer (ELT Drawing No. 1687-000-007).

8.

On or about October 24, 2002, ELT Inc. designed and drew the following parts for use in its 1 $^{11}/_{16}$" bow spring centralizer:

(a) 1 $^{11}/_{16}$" bow spring centralizer contact insulator (ELT Drawing No. INS-000-001);

(b) 1 $^{11}/_{16}$" bow spring centralizer beveled insulator (ELT Drawing No. INS-000-002);

(c) go pin contact insulator (ELT Drawing No. INS-000-005);

(d) go pin contact plunger (ELT Drawing No. CON-000-001); and

(e) go pin contact nut (ELT Drawing No. CON-000-002).

9.

On or about October 25, 2002, ELT Inc. designed and drew the following part for use in its 1 $^{11}/_{16}$" bow spring centralizer:

(a) go box slotted contact (ELT Drawing No. CON-000-003).

10.

On or about October 29, 2002, ELT Inc. designed and drew the following parts for use in its 2 ¾" bow spring centralizers and/or 2 ¾" roller centralizers:

(a) 2 ¾" Centralizer Rotating Sleeve Collar (ELT Drawing No. 2750-000-001);

(b) 2 ¾" Centralizer Rotating Sleeve Mandrel (ELT Drawing No. 2750-000-002);

(c) 2 ¾" Centralizer Rotating Sleeve Assembly (ELT Drawing No. 2750-000-003);

(d) 2 ¾" Centralizer Top Sub (ELT Drawing No. 2750-000-004);

(e) 2 ¾" Centralizer Bottom Sub (ELT Drawing No. 2750-000-005); and

(f) 2 ¾" Centralizer Mandrel (ELT Drawing No. 2750-000-006).

11.

On or about November 3, 2002, ELT Inc. designed and drew the following parts for use in

its 2 ¾" bow spring centralizers and/or 2 ¾" roller centralizers:

(a) 2 ¾" Centralizer Adjustment Nut (ELT Drawing No. 2750-000-007);

(b) 2 ¾" Centralizer Spacer (ELT Drawing No. 2750-000-008);

(c) 2 ¾" Centralizer Adjustment Collar (ELT Drawing No. 2750-000-009); and

(d) 2 ¾" Centralizer Spring Collar (ELT Drawing No. 2750-000-010); and

(e) 2 ¾" Centralizer Washer (ELT Drawing No. 2750-000-011).

12.

On or about April 12, 2003, ELT Inc. designed and drew the following part for use in its

$1\ ^{11}/_{16}$" bow spring centralizer:

(a) $1\ ^{11}/_{16}$" centralizer adj collar (ELT Drawing No. 1375-000-004).

13.

On or about October 23, 2003, ELT Inc. designed and drew the following part for use in

its $1\ ^{11}/_{16}$" bow spring centralizer:

(a) $1\ ^{11}/_{16}$" bow spring mandrel new style (ELT Drawing No. 1687-000-010).

14.

On or about October 25, 2003, ELT Inc. designed and drew the following part for use in

its $1\ ^{11}/_{16}$" bow spring centralizer:

(a) $1\ ^{11}/_{16}$" bow spring centralizer bottom sub (ELT Drawing No. 1687-000-013).

15.

On or about March 12, 2004, ELT Inc. designed and drew the following parts for use in its

$2\ ^{3}/_{4}$" logging CCL assembly:

(a) $2\ ^{3}/_{4}$" logging CCL chassis (ELT Drawing No. 234CCL105);

(b) $2\ ^{3}/_{4}$" logging CCL bottom pole piece (ELT Drawing No. 234CCL106); and

(c) $2\ ^{3}/_{4}$" logging CCL contact rod (ELT Drawing No. 234CCL108).

16.

On or about March 18, 2004, ELT Inc. designed and drew the following part for use in its

$1\ ^{11}/_{16}$" logging CCL assembly and $1\ ^{11}/_{16}$" MOT CCL:

(a) $1\ ^{11}/_{16}$" MOT CCL bottom sub (ELT Drawing No. 1687CCL103).

3

17.

On or about May 11, 2004, ELT Inc. designed and drew the following parts for use in its 1 $^{11}/_{16}$" logging CCL assembly and 1 $^{11}/_{16}$" MOT CCL:

(a) 1 $^{11}/_{16}$" MOT CCL top sub (ELT Drawing No. 1687CCL101); and

(b) 1 $^{11}/_{16}$" MOT CCL bottom pole piece (ELT Drawing No. 1687CCL105).

18.

On or about June 4, 2004, ELT Inc. designed and drew the following part for use in its 1 $^{11}/_{16}$" bow spring centralizer:

(a) 1 $^{11}/_{16}$" anchor sub (ELT Drawing No. 1687-000-016).

19.

On or about July 19, 2004, ELT Inc. designed and drew the following part for use in its 1 $^{11}/_{16}$" logging CCL assembly and 1 $^{11}/_{16}$" mot CCL:

(a) 1 $^{11}/_{16}$" shock absorber bottom sub (ELT Drawing No. 1687-000-021).

20.

On or about October 25, 2004, ELT Inc. designed and drew the following part for use in its 1 $^{11}/_{16}$" bow spring centralizer:

(a) 1 $^{11}/_{16}$" bow spring centralizer top sub (ELT Drawing No. 1687-000-008).

21.

On or about November 8, 2004, ELT Inc. designed and drew the following parts for use in its 2 $^{3}/_{4}$" logging CCL assembly:

(a) 2 $^{3}/_{4}$" logging CCL housing (ELT Drawing No. 234CCL102); and

(b) 2 $^{3}/_{4}$" logging CCL bottom sub (ELT Drawing No. 234CCL103).

22.

On or about November 8, 2004, ELT Inc. designed and drew the following parts for use in its 3 $^{1}/_{8}$" logging CCL assembly:

(a) 3 $^{1}/_{8}$" logging CCL top sub (ELT Drawing No. 318CCL101); and

(b) 3 $^{1}/_{8}$" logging CCL bottom sub (ELT Drawing No. 318CCL103).

23.

On or about February 10, 2005, ELT Inc. designed and drew the following part for use in its 1 $^{11}/_{16}$" logging CCL assembly and 1 $^{11}/_{16}$" MOT CCL:

(a) 1 $^{11}/_{16}$" logging CCL housing (ELT Drawing No. 1687CCL102)

4

24.

On or about December 28, 2005, ELT Inc. designed and drew the following parts for use in its 3 $^1/_8$" logging CCL assembly:

(a) 3 $^1/_8$" logging CCL housing (ELT Drawing No. 318CCL102);

(b) 3 $^1/_8$" logging CCL chassis (ELT Drawing No. 318CCL105); and

(c) 3 $^1/_8$" logging CCL bottom pole piece (ELT Drawing No. 318CCL106).

25.

On or about September 2007, Tek-Co was sold to Titan Specialties, Ltd. ("Titan"). As successor in interest to Tek-Co, Titan honored the aforementioned 2003 oral contract, buying the subject centralizer tools and CCLs exclusively from ELT Inc.

26.

On or about December 20, 2007, ELT Inc. designed and drew the following parts for use in its 2 ¾" roller centralizers:

(a) 2 ¾" Roller Centralizer Left Arm (ELT Drawing No. 2750-000-034); and

(b) 2 ¾" Roller Centralizer Right Arm (ELT Drawing No. 2750-000-035).

27.

On or about February 6, 2008, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 3 1/8" logging CCL assembly:

(a) 3 $^1/_8$" logging CCL top sub (Hunting Drawing No. 8030-312-101)

(b) 3 $^1/_8$" logging CCL bottom sub (Hunting Drawing No. 8030-312-103).

28.

On or about February 6, 2008, defendant Hunting re-drew without permission the following ELT design for parts used in ELT's 1 $^{11}/_{16}$" logging CCL assembly and 1 $^{11}/_{16}$" MOT CCL:

(a) 1 $^{11}/_{16}$" MOT CCL bottom sub (Hunting Drawing No. 8030-168-103).

29.

On or about November 20, 2008, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 3 $^1/_8$" logging CCL assembly:

(a) 3 $^1/_8$" logging CCL chassis (Hunting Drawing No. 8030-312-105); and

(b) 3 $^1/_8$" logging CCL bottom pole piece (Hunting Drawing No. 8030-312-106).

30.

On or about December 1, 2008, defendant Hunting re-drew without permission the following ELT design for parts used in ELT's 2 3/4" logging CCL assembly:

(a) 2 3/4" logging CCL contact rod (Hunting Drawing No. 8030-275-108).

31.

On or about December 1, 2008, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 3 1/8" logging CCL assembly:

(a) 3 1/8" logging CCL chassis (Hunting Drawing No. 8030-312-105); and

(b) 3 1/8" logging CCL bottom pole piece (Hunting Drawing No. 8030-312-106).

32.

On or about December 2, 2008, defendant Hunting re-drew without permission the following ELT design for parts used in ELT's 1 11/16" bow spring centralizer:

go box slotted contact (Hunting Drawing No. 8030-CON-000-003).

33.

On or about March 16, 2010, ELT Inc. designed and drew the following part for use in its 2 ¾" roller centralizers:

(a) Roller Centralizer Adjustment Sleeve (ELT Drawing No. 2750-000-033).

34.

On or about September 2011, Titan was acquired by defendant Hunting.

35.

On or about October 2011, ELT Inc. was acquired by Stabiltec Downhole Tools, LLC ("Stabiltec"). After this merger, Derrick Derouen acted as vice-president of Stabiltec's electric wireline division. Derrick Derouen's brother, Danny Derouen, was also a Stabiltec employee in the company's electric wireline division.

36.

On or about May 8, 2013, Danny Derouen left Stabiltec and formed DPM, which is a plaintiff in this matter. Stabiltec, as successor to ELT Inc., authorized DPM to manufacture and sell the centralizer tools and CCLs that were the subject of the oral agreement referenced in Paragraph 6 of this Petition, to Hunting, as successor to Titan and Tek-Co.

37.

On or about January 23, 2014, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 1 $^{11}/_{16}$" bow spring centralizer:

    (a) 1 $^{11}/_{16}$" bow spring centralizer washer (Hunting Drawing No. 8071-168-007); and

    (b) 1 $^{11}/_{16}$" bow spring mandrel new style (Hunting Drawing No. 8071-168-010).

38.

On or about January 24, 2014, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 1 $^{11}/_{16}$" bow spring centralizer:

    (a) 1 $^{11}/_{16}$" bow spring centralizer collar (Hunting Drawing No. 8071-168-003); and

    (b) 1 $^{11}/_{16}$" bow spring centralizer adjustment sleeve (Hunting Drawing No. 8071-168-006);

    (c) 1 $^{11}/_{16}$" bow spring centralizer top sub (Hunting Drawing No. 8071-168-008);

    (d) 1 $^{11}/_{16}$" bow spring centralizer bottom sub (Hunting Drawing No. 8071-168-013);

    (e) 1 $^{11}/_{16}$" centralizer adj. collar (Hunting Drawing No. 8071-168-015); and

    (f) 1 $^{11}/_{16}$" anchor sub (Hunting Drawing No. 8071-168-016).

39.

On or about March 10, 2014, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 2 ¾" bow spring centralizers and 2 ¾" roller centralizers:

    (a) 2 ¾" Centralizer Top Sub (Hunting Drawing No. 8071-275-004); and

    (a) 2 ¾" Centralizer Bottom Sub (Hunting Drawing No. 8071-275-005).

40.

On or about March 11, 2014, defendant Hunting re-drew without permission the following ELT design for parts used in ELT's 1 $^{11}/_{16}$" bow spring centralizer:

    (a) 1 $^{11}/_{16}$" bow spring centralizer contact insulator (Hunting Drawing No. 8071-INS-001).

41.

On or about September 30, 2014, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 2 $^{3}/_{4}$" logging CCL assembly:

    (a) 2 $^{3}/_{4}$" logging CCL chassis (Hunting Drawing No. 8030-275-105); and

    (b) 2 $^{3}/_{4}$" logging CCL bottom pole piece (Hunting Drawing No. 8030-275-106).

42.

On or about September 30, 2014, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 1 $^{11}/_{16}$" logging CCL assembly and 1 $^{11}/_{16}$" MOT CCL:

(a) 1 $^{11}/_{16}$" logging CCL housing (Hunting Drawing No. 8030-168-102); and

(b) 1 $^{11}/_{16}$" MOT CCL bottom pole piece (Hunting Drawing No. 8030-168-105).

43.

On or about October 1, 2014, defendant Hunting re-drew without permission the following ELT design for parts used in ELT's 2 $^3/_4$" logging CCL assembly:

(a) 2 $^3/_4$" logging CCL housing (Hunting Drawing No. 8030-275-102).

44.

On or about October 1, 2014, defendant Hunting re-drew without permission the following ELT design for parts used in ELT's 3 $^1/_8$" logging CCL assembly:

(a) 3 $^1/_8$" logging CCL housing (Hunting Drawing No. 8030-312-102).

45.

On or about October 6, 2014, defendant Hunting re-drew without permission the following ELT design for parts used in ELT's 1 $^{11}/_{16}$" logging CCL assembly and 1 $^{11}/_{16}$" MOT CCL:

(a) 1 $^{11}/_{16}$" MOT CCL top sub (Hunting Drawing No. 8030-168-101).

46.

On or about October 21, 2014, defendant Hunting re-drew without permission the following ELT design for parts used in ELT's 3 $^1/_8$" logging CCL assembly:

(a) 2 $^3/_4$" logging CCL bottom sub (Hunting Drawing No. 8030-275-103).

47.

In 2015, Hunting stopped purchasing centralizers and CCLs from DPM (and Stabiltec), telling Danny Derouen that the cause of the cessation of business was a downturn in the oil and gas industry.

48.

On or about July 28, 2015, Derrick Derouen left Stabiltec and created ELT, a Louisiana limited liability company, which is a plaintiff in this action.

49.

Two days later, on or about July 30, 2015, Stabiltec transferred all rights in the aforementioned drawings of centralizers, centralizer parts, CCLs, CCL parts, and rights under the exclusive manufacturing agreement to ELT.

50.

ELT agreed to permit DPM to continue to manufacture and sell ELT's centralizers and CCLs to Hunting (as successor to Titan and Tek-Co); in return, DPM had to share profits with ELT.

51.

On or about April 12, 2016, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 1 $^{11}/_{16}$" bow spring centralizer:

(a) 1 $^{11}/_{16}$" bow spring centralizer beveled insulator (Hunting Drawing No. 8071-INS-002); and

(b) go pin contact insulator (Hunting Drawing No. 8071-INS-005); and

(c) go pin contact nut (Hunting Drawing No. 8071-CON-002).

52.

On April 13, 2016, Hunting employee Pete Hernandez emailed another Hunting employee, Jack Holodnak, asking for drawings of centralizer parts. Holodnak responded, "These are Eltech [ELT] parts. Glen [Woodruff] will have to get this information from them when he gets back to the office."

53.

Six days later, on April 19, 2016, Pete Hernandez directly emailed Glen Woodruff, asking for drawings of the same centralizer parts.

54.

Later that same day, on April 19, 2016, Glen Woodruff emailed Danny Derouen, "Pampa [Texas] needs drawing for the part #s below. They know that these are your parts and they know they will have your title block on them, they are documenting everything for a presentation to Baker. Hopefully this will work out for us both. . ." Danny Derouen responded, "Is tomorrow ok. Out of town till tonight. They won't be building these will they. Just a little concerned." Woodruff responded, "Nope they know they are yours, not to mention they are so overwhelmed they couldn't build them if they tried. They have moved over to an outsource heavy location. They don't want to build them." Danny Derouen responded, "I hope they continue to use me for machine parts in

9

general. I guess we'll see." Woodruff responded, "I'm thinking more assemblies. They just need the individual parts for baker doc's." These messages of permissible use of ELT drawings and non-building of ELT's parts—all of which were consistent with the original oral agreement—continued to be relayed by Hunting's employees to Plaintiffs' employees throughout 2017, 2018, 2019, 2020 and 2021.

55.

On or about April 19, 2016, in response to the above-referenced email, Danny Derouen sent copies of the ELT centralizer part drawings to Woodruff; DPM had possession of those drawings by virtue of its agreement with ELT.

56.

That same day, on April 19, 2016, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 2 ¾" bow spring centralizers and/or 2 ¾" roller centralizers:

(a) 2 ¾" Centralizer Adjustment Nut (Hunting Drawing No. 8071-275-007); and

(b) 2 ¾" Centralizer Spacer (Hunting Drawing No. 2750-000-008).

57.

Approximately one week later, on or about April 25, 2016, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 2 ¾" roller centralizers:

(a) Roller Centralizer Adjustment Sleeve (Hunting Drawing No. 8070-275-033);

(b) 2 ¾" Roller Centralizer Left Arm (Hunting Drawing No. 8070-275-034); and

(c) 2 ¾" Roller Centralizer Right Arm (Hunting Drawing No. 8070-275-035).

58.

On or about April 26, 2016, defendant Hunting re-drew without permission the following ELT design for parts used in ELT's 2 ¾" bow spring centralizers and 2 ¾" roller centralizers:

(a) 2 ¾" Centralizer Washer (Hunting Drawing No. 8071-275-011).

59.

On or about April 27, 2016, defendant Hunting re-drew without permission the following ELT designs for parts used in ELT's 2 ¾" bow spring centralizers and 2 ¾" roller centralizers:

(a) 2 ¾" Centralizer Mandrel (Hunting Drawing No. 8071-275-006); and

(b) 2 ¾" Centralizer Spring Collar (Hunting Drawing No. 8071-275-010).

60.

On or about July 28, 2016, defendant Hunting re-drew without permission the following

ELT designs for parts used in ELT's 2 ¾" bow spring centralizers and/or 2 ¾" roller centralizers:

(a) 2 ¾" Centralizer Spacer (Hunting Drawing No. 8071-275-008); and

(b) 2 ¾" Centralizer Adjustment Collar (Hunting Drawing No. 8071-275-009).

61.

On or about August 9, 2016, defendant Hunting re-drew without permission the following

ELT designs for parts used in ELT's 2 ¾" bow spring centralizers and/or 2 ¾" roller centralizers:

(a) 2 ¾" Centralizer Rotating Sleeve Collar (Hunting Drawing No. 8071-275-001);

(b) 2 ¾" Centralizer Sleeve Mandrel (Hunting Drawing No. 8071-275-002); and

(c) 2 ¾" Centralizer Rotating Sleeve Assembly (Hunting Drawing No. 8071-275-003).

62.

On or about August 15, 2016, defendant Hunting re-drew without permission the following

ELT designs for parts used in ELT's 1 $^{11}/_{16}$" bow spring centralizer:

(a) Go pin contact plunger (Hunting Drawing No. 8000-CON-001).

63.

On or about December 8, 2016, defendant Hunting re-drew without permission the

following ELT design for parts used in ELT's 1 $^{11}/_{16}$" logging CCL assembly and 1 $^{11}/_{16}$" MOT

CCL:

(a) 1 $^{11}/_{16}$" shock absorber bottom sub (Hunting Drawing No. 8037-168-021).

64.

The following chart illustrates certain ELT drawings that were impermissibly copied and/or

redrawn by Hunting:

| ELT Drawing No. | Hunting Drawing No. |
|---|---|
| 1375-000-004 | 8071-168-015 |
| 1687-000-003 | 8071-168-003 |
| 1687-000-006 | 8071-168-006 |
| 1687-000-007 | 8071-168-007 |
| 1687-000-008 | 8071-168-008 |
| 1687-000-010 | 8071-168-010 |
| 1687-000-013 | 8071-168-013 |
| 1687-000-016 | 8071-168-016 |
| 1687-000-021 | 8037-168-021 |
| 1687CCL101 | 8030-168-101 |
| 1687CCL102 | 8030-168-102 |
| 1687CCL103 | 8030-168-103 |
| 1687CCL105 | 8030-168-105 |
| 234CCL102 | 8030-275-102 |

| 234CCL103 | 8030-275-103 |
|---|---|
| 234CCL105 | 8030-275-105 |
| 234CCL106 | 8030-275-106 |
| 234CCL108 | 8030-275-108 |
| 2750-000-001 | 8071-275-001 |
| 2750-000-002 | 8071-275-002 |
| 2750-000-003 | 8071-275-003 |
| 2750-000-004 | 8071-275-004 |
| 2750-000-005 | 8071-275-005 |
| 2750-000-006 | 8071-275-006 |
| 2750-000-007 | 8071-275-007 |
| 2750-000-008 | 8071-275-008 |
| 2750-000-009 | 8071-275-009 |
| 2750-000-010 | 8071-275-010 |
| 2750-000-011 | 8071-275-011 |
| 2750-000-033 | 8070-275-033 |
| 2750-000-034 | 8070-275-034 |
| 2750-000-035 | 8070-275-035 |
| 318CCL101 | 8030-312-101 |
| 318CCL102 | 8030-312-102 |
| 318CCL103 | 8030-312-103 |
| 318CCL105 | 8030-312-105 |
| 318CCL106 | 8030-312-106 |
| CON-000-001 | 8000-CON-001 |
| CON-000-002 | 8071-CON-002 |
| CON-000-003 | 8030-CON-000-003 |
| INS-000-001 | 8071-INS-001 |
| INS-000-002 | 8071-INS-002 |
| INS-000-004 | 8000-INS-004 |
| INS-000-005 | 8071-INS-005 |

65.

On or about January 27, 2021, ELT and DPM first learned that Hunting was using ELT's drawings and/or Hunting's re-drawings to impermissibly manufacture ELT's centralizers and CCLs itself, rather than order them from ELT and/or DPM.

**Breach of Oral Contract**

66.

Plaintiffs adopt and re-urge the allegations and information contained in Paragraphs 1-66 above.

67.

ELT (as successor in interest to both ELT Inc. and Stabiltec) and Hunting (as successor in interest to both Tek-Co and Titan) are both parties to the oral contract identified in Paragraph 6 above.

68.

Hunting breached this oral contract by manufacturing (and/or having its other contractors manufacture), without ELT's permission, ELT's centralizers, CCLs, and/or their component parts.

69.

As a result of this contractual breach by Hunting, ELT and DPM sustained (and will likely continue to sustain) the following damages:

(a) lost profits, past, present, and future; and

(b) loss of reputation, past, present, and future.

### Unfair and Deceptive Trade Practices

70.

Plaintiffs adopt and re-urge the allegations and information contained in Paragraphs 1-70 above.

71.

On or about April 19, 2016, Hunting requested copies of ELT's drawings for ELT's centralizers and/or centralizer parties, but Hunting affirmed that the drawings and designs were owned by ELT.  Hunting stated that it would not manufacture ELT's centralizers or their component parts in a ruse to secure possession of the drawings.  However, on or about January 27, 2021, Plaintiffs discovered that Hunting was, in fact, knowingly using ELT's proprietary drawings (and/or drawings that were impermissibly re-drawn by Hunting) to wrongfully manufacture ELT's centralizers, CCLs, and/or their component parts.  Hunting repeatedly represented to Plaintiffs that the ELT drawings were only to be used for internal quality control purposes and would not be used to manufacture the parts because Hunting knew the drawings, tools, and parts belonged to ELT.  Hunting has been manufacturing ELT's parts for an unknown period of time, through the unethically obtained ELT drawings.  Hunting has been, since 2016, telling Plaintiffs that the tools and/or parts were not being purchased because Hunting was not selling them; however, Hunting was, in fact, manufacturing ELT's tools and/or parts without the knowledge or consent of ELT.  Hunting knew these tools and/or parts belonged to ELT but copied ELT's drawings and manufactured ELT's tools and/or parts despite this knowledge.  This unethical and immoral conduct constitutes "unfair or deceptive acts or practices" for purposes of Louisiana Revised Statutes § 51:1405.

72.

Pursuant to Louisiana Revised Statutes § 51:1409, Hunting is liable to ELT and DPM for all damages sustained as a result of these unfair or deceptive acts or practices, including the following:

(a) lost profits, past, present, and future;

(b) loss of reputation, past, present, and future;

(c) treble damages; and

(d) reasonable attorney fees.

## Unjust Enrichment

73.

Plaintiffs adopt and re-urge the allegations and information contained in Paragraphs 1-73 above.

74.

In the alternative, Plaintiffs plead unjust enrichment pursuant to Louisiana Civil Code article 2298. Hunting was unjustly enriched when it copied ELT's designs and used those designs to self-manufacture ELT's tools and parts. By extension, ELT and DPM were impoverished because Hunting stopped ordering those tools and parts from ELT and/or DPM.

75.

Pursuant to Louisiana Civil Code article 2298, Hunting owes ELT and DPM compensation "measured by the extent to which [Hunting] has been enriched or [ELT and DPM] have been impoverished, whichever is less."

## Legal Interest and Cost

76.

Plaintiffs adopt and re-urge the allegations and information contained in Paragraphs 1-76 above.

77.

Plaintiffs request legal interest from the date of judicial demand and all costs of these proceedings.

78.

Plaintiffs pray for, and are entitled to, a trial by jury.

WHEREFORE, premises considered, Plaintiffs, ELECTRIC LINE TECHNOLOGIES, LLC ("ELT") and DPM (DEROUEN'S PRECISION MACHINE), LLC ("DPM"), respectfully pray for the following:

(a) that Defendant, HUNTING TITAN, INC. ("Hunting") be served with this petition and be duly cited to appear and answer these allegations;

(b) that, after due proceedings are had before a jury, a judgment be rendered in favor of ELT and DPM and against Hunting, for a reasonable amount of damages to be fixed by the Court, including legal interest from the date of judicial demand until paid, reasonable attorney's fees, statutory treble damages, and all costs of court for these proceedings; and

(c) for all general and equitable relief deemed proper in the premises.

Respectfully submitted,

GIBSON LAW PARTNERS, LLC
Attorneys at Law

_____
JAMES H. GIBSON (#14285)
CHARLES M. KREAMER, SR. (#23171)
ALAN W. STEWART (#34107)
2448 Johnston Street (70503)
Post Office Box 52124
Lafayette, LA 70505
Direct Dial: 337-761-6024
Facsimile: 337-761-6061
Email: jimgibson@gibsonlawpartners.com
Email: charleskreamer@gibsonlawpartners.com
Email: alanstewart@gibsonlawpartners.com

-and-

TED M. ANTHONY (21446)
Babineaux, Poché, Anthony & Slavich, LLC
1201 Camellia Blvd Ste. 300
Lafayette, LA 70508
Phone: (337) 984-2505
Fax: (337) 984-2503
Email: tanthony@bpasfirm.com

*Attorneys for plaintiffs, Electric Line Technologies, LLC and DPM (Derouen's Precision Machine), LLC*

**PLEASE SERVE:**
**HUNTING TITAN, INC.**
**THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:**
**C T Corporation System**
**3867 Plaza Tower Dr.**
**Baton Rouge, LA 70816.**

EAST BATON ROUGE PARISH
Filed Nov 24, 2021 10:45 AM
Deputy Clerk of Court
E-File Received Nov 24, 2021 10:32 AM

C-713598
26

| | |
|---|---|
| **ELECTRIC LINE TECHNOLOGIES, LLC and DPM (DEROUEN'S PRECISION MACHINE), LLC** | **DOCKET NO. _____** |
| | **19th JUDICIAL DISTRICT COURT** |
| **V.** | **PARISH OF EAST BATON ROUGE** |
| **HUNTING TITAN, INC.** | **STATE OF LOUISIANA** |

---

### VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

  BEFORE ME, the undersigned Notary Public, personally came and appeared DANNY J.

DEROUEN who, after being first duly sworn, did depose and state:

  That he is the _PRESIDENT_ of DEROUEN'S PRECISION MACHINE, LLC

and has read the Petition for Damages and that all of the facts alleged therein are true and correct

to the best of his knowledge, information and belief.

  Lafayette, Louisiana, this 23rd day of November, 2021.

            _____
            DANNY J. DEROUEN

SWORN TO AND SUBSCRIBED before me this 23rd day of November, 2021.

    _____
    NOTARY PUBLIC (# _23171_ )
    Print Name: _CHARLES R KRAMER_
    Commission Expires: _LIFE_

17

EAST BATON ROUGE PARISH
Filed Nov 24, 2021 10:45 AM
Deputy Clerk of Court
E-File Received Nov 24, 2021 10:32 AM

C-713598
26

| | |
|---|---|
| **ELECTRIC LINE TECHNOLOGIES, LLC and DPM (DEROUEN'S PRECISION MACHINE), LLC** | **DOCKET NO. _____** |
| | **19th JUDICIAL DISTRICT COURT** |
| **V.** | **PARISH OF EAST BATON ROUGE** |
| **HUNTING TITAN, INC.** | **STATE OF LOUISIANA** |

---

## VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

  BEFORE ME, the undersigned Notary Public, personally came and appeared DERRICK

P. DEROUEN who, after being first duly sworn, did depose and state:

  That he is the _PRESIDENT_ of ELECTRIC LINE TECHNOLOGIES, INC. and

has read the Petition for Damages and that all of the facts alleged therein are true and correct to

the best of his knowledge, information and belief.

  Lafayette, Louisiana, this 23rd day of November, 2021.

         _____

         DERRICK P. DEROUEN

SWORN TO AND SUBSCRIBED before me this 23rd day of November, 2021.

_____
NOTARY PUBLIC (# 23171 )
Print Name: CHARLES KREAMER
Commission Expires: _____

16

EAST BATON ROUGE PARISH
Filed Nov 24, 2021 10:45 AM
Deputy Clerk of Court
E-File Received Nov 24, 2021 10:32 AM

C-713598
26

| | |
|---|---|
| ELECTRIC LINE TECHNOLOGIES, LLC and DPM (DEROUEN'S PRECISION MACHINE), LLC | 19th JUDICIAL DISTRICT COURT |
| | PARISH OF EAST BATON ROUGE |
| V. | STATE OF LOUISIANA |
| HUNTING TITAN, INC. | DOCKET NO. _____ |

## REQUEST FOR NOTICE OF TRIAL DATE, ETC.

PLEASE TAKE NOTICE that JAMES H. GIBSON, CHARLES M. KREAMER, SR. AND ALAN W. STEWART, AND TED M. ANTHONY, attorneys for ELECTRIC LINE TECHNOLOGIES, LLC and DPM (DEROUEN'S PRECISION MACHINE), LLC, do hereby request written notice of the date of trial of the above matter, as well as notice of all hearings, (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of the Court or Clerk of Court's office, as provided in Louisiana Code of Civil Procedure Articles 1572, 1913 and 1914.

Respectfully submitted:
GIBSON LAW PARTNERS, LLC
Attorneys at Law

_____
JAMES H. GIBSON (#14285)
CHARLES M. KREAMER, SR. (#23171)
ALAN W. STEWART (#34107)
2448 Johnston Street (70503)
Post Office Box 52124
Lafayette, LA 70505
Direct Dial: 337-761-6024
Facsimile: 337-761-6061
Email: jimgibson@gibsonlawpartners.com
Email: charleskreamer@gibsonlawpartners.com
Email: alanstewart@gibsonlawpartners.com

-and-

TED M. ANTHONY (21446)
Babineaux, Poché, Anthony & Slavich, LLC
1201 Camellia Blvd Ste. 300
Lafayette, LA 70508
Phone: (337) 984-2505
Fax: (337) 984-2503
Email: tanthony@bpasfirm.com
ATTORNEYS FOR PLAINTIFFS, ELECTRIC LINE TECHNOLOGIES, LLC AND DPM (DEROUEN'S PRECISION MACHINE), LLC

November 24th, 2021.

1

EAST BATON ROUGE PARISH
Filed Nov 24, 2021 10:45 AM
Deputy Clerk of Court
E-File Received Nov 24, 2021 10:32 AM

C-713598
26

**ELECTRIC LINE TECHNOLOGIES, LLC and DPM (DEROUEN'S PRECISION MACHINE), LLC**

**V.**

**HUNTING TITAN, INC.**

**DOCKET NO. _____**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

---

### PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:  **HUNTING TITAN, INC.**
*Through its agent for service of process:*
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

Please take notice that you are hereby notified and required to answer separately, fully, in writing and under oath, the following requests for production of documents and to serve your responses thereto upon James H. Gibson/Charles M. Kreamer, Sr./Alan W. Stewart, P.O. Box 52124, Lafayette, Louisiana, 70505, within thirty (30) days of service thereof, in accordance with the provisions of the Louisiana Code of Civil Procedure, and these requests shall be deemed continuing:

### Instructions for Use

A.  All information is to be divulged which is in the possession of the individual or corporate party, attorneys, investigators, agents, employees or other representatives of the named party and attorney.

B.  Each document which is required to be produced pursuant to this document request shall be produced in and with the file folder and other documents (e.g., envelope, file cabinet marker, etc.) in which such document was located when this document request was served.

C.  Documents responsive to this request shall be produced in the condition and order or arrangement in which they existed when this document request was served, and shall not be shuffled or otherwise rearranged when produced.

D.  The production requests contained herein are continuing in character. Consequently, you are requested to supplement your response promptly if and when you obtain relevant information or documents in addition to or in any way inconsistent with your initial answers to any discovery request.

E   If you object to or otherwise decline to answer any portion of a production request, provide all information called for by that portion of the production request to which you do not object to or which you do not decline to answer or respond to.

1.  If you object to a production request on the ground that it is too broad (*i.e.*, that it calls for information which is relevant to the subject matter of the action and information which is not), provide the information which is relevant. For those portions of a production request to which you object or otherwise decline to answer, state the reason for such objection or declination.

2.  If you object to a production request on the ground that to provide the documents would constitute an undue burden, provide as much of the requested information as can be supplied without undertaking an undue burden. For those portions of a production request to which you object or otherwise decline to answer, state the reason for such objection or declination.

3.    If you should claim that any response to a production request called for herein is privileged or otherwise non-discoverable, you must identify such document in a separate schedule (privilege log) to be furnished along with your response to these discovery requests.   Such schedule shall include with respect to each such document:

    (i)    the date of the document;

    (ii)    its author;

    (iii)    the person(s) who received or viewed the document or any copies;

    (iv)    the nature of the document (i.e., letter, memorandum, etc.); and

    (v)    the specific privilege claimed and the basis for such claim, or other reason the document is asserted to be non-discoverable.

F.    In the event that any document requested herein has been lost or destroyed, that document shall be identified by author(s), addressee(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each document, date of loss or destruction and the name and title of the person responsible for the loss or destruction.

**<u>Definitions</u>**

For purposes of this written discovery the list of definitions below shall apply to be used by the person responding to these requests for production of documents.

A.    As used herein, the terms "document" and "documents" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, electronic or graphic matter of every kind and nature, whether an original or a copy, including all attachments and appendices thereto.   Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts (meaning the written reflection of terms of an agreement), communications, correspondence, business or other plans, letters, hand or typewritten notes, telegrams, telexes, messages, memoranda, reports, books, summaries or other records of meetings, conferences or interviews (whether the same was in person, by telephone, by electronic means, or otherwise), summaries or other records of personal conversations (whether in person, by telephone, by electronic means, or otherwise), minutes or summaries of other records of negotiation, web pages, contents of your website, discussions or communications, other summaries, diaries, diary entries, phone messages, document drafts, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, financial statements, worksheets, workpapers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, telephone bills or records, bills, statements, invoices, receipts, cancelled checks, bank statements, lists, envelopes or folders or similar containers, notes, notices, marginal notations, notebooks, records of obligations and expenditure, lists, journals, recommendations, files, printouts, compilations, tabulations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, punch cards, programs, data compilation from which information can be obtained, including matter in data processing and other printed, written, handwritten, recorded, stenographic, computer generated, computer stored or electronically stored matter however and by whomever produced, prepared and reproduced, disseminated or made.   The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions or deletions different from the original need not be separately identified or produced.  "Document" or "documents" means and includes all matter within the foregoing description that is in your possession, control or custody, or in the control or custody of any of your attorneys, agents, consultants,

2

certified public accountant, or other representatives. Without limiting the term "control", a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

B.    "Person(s)" means the plural as well as the singular and includes, without limitation, any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

C.    The term "you" or "your" shall refer to HUNTING TITAN, INC., including your employees, officers, directors, agents, contractors, any of your other representatives.

## Requests for Production of Documents

### REQUEST FOR PRODUTION NO. 1

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from Electric Line Technologies, LLC by you, including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 2

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from DPM (Derouen's Precision Machine), LLC by you, including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 3

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from Electric Line Technologies, Inc. by you, including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 4

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from Stabiltec Downhole Tools, LLC by you, including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 5

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from Electric Line Technologies, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 6

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from DPM (Derouen's Precision Machine), LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 7

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from Electric Line Technologies, Inc. by Tek-Co Tools, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 8

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from Stabiltec Downhole Tools, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 9

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from Electric Line Technologies, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 10

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from DPM (Derouen's Precision Machine), LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 11

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from Electric Line Technologies, Inc. by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 12

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from Stabiltec Downhole Tools, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 13

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from other Persons by you, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 14

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from other Persons by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 15**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" bow spring centralizers from other Persons by Tek Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 16**

Please produce copies of any and all documents evidencing the amount/number of 1 $^{11}/_{16}$" bow spring centralizers manufactured by you.

**REQUEST FOR PRODUTION NO. 17**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from Electric Line Technologies, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 18**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from DPM (Derouen's Precision Machine), LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 19**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from Electric Line Technologies, Inc. by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 20**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from Stabiltec Downhole Tools, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 21**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from Electric Line Technologies, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 22**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from DPM (Derouen's Precision Machine), LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 23**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from Electric Line Technologies, Inc. by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 24**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from Stabiltec Downhole Tools, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 25**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from Electric Line Technologies, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 26**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from DPM (Derouen's Precision Machine), LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 27**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from Electric Line Technologies, Inc. by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 28**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from Stabiltec Downhole Tools, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 29**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from other Persons by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 30**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from other Persons by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 31**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" bow spring centralizers from other Persons by Tek Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 32**

Please produce copies of any and all documents evidencing the amount/number of 2 ¾" bow spring centralizers manufactured by you.

**REQUEST FOR PRODUTION NO. 33**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from Electric Line Technologies, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 34**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from DPM (Derouen's Precision Machine), LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 35**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from Electric Line Technologies, Inc. by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 36**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from Stabiltec Downhole Tools, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 37**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from Electric Line Technologies, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 38**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from DPM (Derouen's Precision Machine), LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 39**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from Electric Line Technologies, Inc. by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 40**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from Stabiltec Downhole Tools, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 41**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from Electric Line Technologies, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 42**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from DPM (Derouen's Precision Machine), LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 43**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from Electric Line Technologies, Inc. by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 44**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from Stabiltec Downhole Tools, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 45**

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from other Persons by you, including but not limited to invoices and purchase orders.

8

## REQUEST FOR PRODUTION NO. 46

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from other Persons by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 47

Please produce copies of any and all documents evidencing the purchase of 2 ¾" roller centralizers from other Persons by Tek Co Tools, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 48

Please produce copies of any and all documents evidencing the amount/number of 2 ¾" roller centralizers manufactured by you.

## REQUEST FOR PRODUTION NO. 49

Please produce copies of any and all documents evidencing the purchase of 2 $^{3}/_{4}$" logging CCL assemblies from Electric Line Technologies, LLC by you, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 50

Please produce copies of any and all documents evidencing the purchase of 2 $^{3}/_{4}$" logging CCL assemblies from DPM (Derouen's Precision Machine), LLC by you, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 51

Please produce copies of any and all documents evidencing the purchase of 2 $^{3}/_{4}$" logging CCL assemblies from Electric Line Technologies, Inc. by you, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 52

Please produce copies of any and all documents evidencing the purchase of 2 $^{3}/_{4}$" logging CCL assemblies from Stabiltec Downhole Tools, LLC by you, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 53

Please produce copies of any and all documents evidencing the purchase of 2 $^{3}/_{4}$" logging CCL assemblies from Electric Line Technologies, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 54**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from DPM (Derouen's Precision Machine), LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 55**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from Electric Line Technologies, Inc. by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 56**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from Stabiltec Downhole Tools, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 57**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from Electric Line Technologies, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 58**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from DPM (Derouen's Precision Machine), LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 59**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from Electric Line Technologies, Inc. by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 60**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from Stabiltec Downhole Tools, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 61**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from other Persons by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 62**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from other Persons by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 63**

Please produce copies of any and all documents evidencing the purchase of 2 $^3/_4$" logging CCL assemblies from other Persons by Tek Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 64**

Please produce copies of any and all documents evidencing the amount/number of 2 $^3/_4$" logging CCL assemblies manufactured by you.

**REQUEST FOR PRODUTION NO. 65**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL assemblies from Electric Line Technologies, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 66**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL assemblies from DPM (Derouen's Precision Machine), LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 67**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL assemblies from Electric Line Technologies, Inc. by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 68**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL assemblies from Stabiltec Downhole Tools, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 69**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL assemblies from Electric Line Technologies, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 70**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL
assemblies from DPM (Derouen's Precision Machine), LLC by Tek-Co Tools, including but not
limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 71**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL
assemblies from Electric Line Technologies, Inc. by Tek-Co Tools, including but not limited to
invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 72**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL
assemblies from Stabiltec Downhole Tools, LLC by Tek-Co Tools, including but not limited to
invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 73**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL
assemblies from Electric Line Technologies, LLC by Titan Specialties, Ltd., including but not
limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 74**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL
assemblies from DPM (Derouen's Precision Machine), LLC by Titan Specialties, Ltd., including
but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 75**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL
assemblies from Electric Line Technologies, Inc. by Titan Specialties, Ltd., including but not
limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 76**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL
assemblies from Stabiltec Downhole Tools, LLC by Titan Specialties, Ltd., including but not
limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 77**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL
assemblies from other Persons by you, including but not limited to invoices and purchase orders.

12

**REQUEST FOR PRODUTION NO. 78**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL assemblies from other Persons by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 79**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" logging CCL assemblies from other Persons by Tek Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 80**

Please produce copies of any and all documents evidencing the amount/number of 1 $^{11}/_{16}$" logging CCL assemblies manufactured by you.

**REQUEST FOR PRODUTION NO. 81**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from Electric Line Technologies, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 82**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from DPM (Derouen's Precision Machine), LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 83**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from Electric Line Technologies, Inc. by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 84**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from Stabiltec Downhole Tools, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 85**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from Electric Line Technologies, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 86**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from DPM (Derouen's Precision Machine), LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 87**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from Electric Line Technologies, Inc. by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 88**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from Stabiltec Downhole Tools, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 89**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from Electric Line Technologies, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 90**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from DPM (Derouen's Precision Machine), LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 91**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from Electric Line Technologies, Inc. by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 92**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL assemblies from Stabiltec Downhole Tools, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 93**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from other Persons by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 94**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from other Persons by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 95**

Please produce copies of any and all documents evidencing the purchase of 1 $^{11}/_{16}$" MOT CCL from other Persons by Tek Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 96**

Please produce copies of any and all documents evidencing the amount/number of 1 $^{11}/_{16}$" MOT CCL manufactured by you.

**REQUEST FOR PRODUTION NO. 97**

Please produce copies of any and all documents evidencing the purchase of 3 $^{1}/_{8}$" logging CCL assemblies from Electric Line Technologies, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 98**

Please produce copies of any and all documents evidencing the purchase of 3 $^{1}/_{8}$" logging CCL assemblies from DPM (Derouen's Precision Machine), LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 99**

Please produce copies of any and all documents evidencing the purchase of 3 $^{1}/_{8}$" logging CCL assemblies from Electric Line Technologies, Inc. by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 100**

Please produce copies of any and all documents evidencing the purchase of 3 $^{1}/_{8}$" logging CCL assemblies from Stabiltec Downhole Tools, LLC by you, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 101**

Please produce copies of any and all documents evidencing the purchase of 3 $^{1}/_{8}$" logging CCL assemblies from Electric Line Technologies, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

**REQUEST FOR PRODUTION NO. 102**

15

Please produce copies of any and all documents evidencing the purchase of 3 $^1/_8$" logging CCL assemblies from DPM (Derouen's Precision Machine), LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 103

Please produce copies of any and all documents evidencing the purchase of 3 $^1/_8$" logging CCL assemblies from Electric Line Technologies, Inc. by Tek-Co Tools, including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 104

Please produce copies of any and all documents evidencing the purchase of 3 $^1/_8$" logging CCL assemblies from Stabiltec Downhole Tools, LLC by Tek-Co Tools, including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 105

Please produce copies of any and all documents evidencing the purchase of 3 $^1/_8$" logging CCL assemblies from Electric Line Technologies, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 106

Please produce copies of any and all documents evidencing the purchase of 3 $^1/_8$" logging CCL assemblies from DPM (Derouen's Precision Machine), LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 107

Please produce copies of any and all documents evidencing the purchase of 3 $^1/_8$" logging CCL assemblies from Electric Line Technologies, Inc. by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 108

Please produce copies of any and all documents evidencing the purchase of 3 $^1/_8$" logging CCL assemblies from Stabiltec Downhole Tools, LLC by Titan Specialties, Ltd., including but not limited to invoices and purchase orders.

### REQUEST FOR PRODUTION NO. 109

Please produce copies of any and all documents evidencing the purchase of 3 $^1/_8$" logging CCL assemblies from other Persons by you, including but not limited to invoices and purchase orders.

## REQUEST FOR PRODUTION NO. 110

Please produce copies of any and all documents evidencing the purchase of 3 $^{1}/_{8}$" logging CCL

assemblies from other Persons by Titan Specialties, Ltd., including but not limited to invoices

and purchase orders.

## REQUEST FOR PRODUTION NO. 111

Please produce copies of any and all documents evidencing the purchase of 3 $^{1}/_{8}$" logging CCL

assemblies from other Persons by Tek Co Tools, including but not limited to invoices and

purchase orders.

## REQUEST FOR PRODUTION NO. 112

Please produce copies of any and all documents evidencing the amount/number of 3 $^{1}/_{8}$" logging

CCL assemblies manufactured by you.

Respectfully submitted,

GIBSON LAW PARTNERS, LLC
Attorneys at Law

JAMES H. GIBSON (#14285)
CHARLES M. KREAMER, SR. (#23171)
ALAN W. STEWART (#34107)
2448 Johnston Street (70503)
Post Office Box 52124
Lafayette, LA 70505
Direct Dial: 337-761-6024
Facsimile: 337-761-6061
Email: 6
Email: charleskreamer@gibsonlawpartners.com
Email: alanstewart@gibsonlawpartners.com

-and-

TED M. ANTHONY (21446)
Babineaux, Poché, Anthony & Slavich, LLC
1201 Camellia Blvd Ste. 300
Lafayette, LA  70508
Phone:  (337) 984-2505
Fax:  (337) 984-2503
Email: tanthony@bpasfirm.com

*Attorneys for plaintiffs, Electric Line Technologies, LLC and DPM (Derouen's Precision Machine), LLC*

Signed November 24th, 2021

EAST BATON ROUGE PARISH
Filed Dec 07, 2021 9:18 AM
Deputy Clerk of Court
E-File Received Dec 07, 2021 8:45 AM

C-713598
26

Case 3:21-cv-00720-BAJ-SDJ    Document 1-2    12/20/21    Page 37 of 44



# GIBSON
# LAW
# PARTNERS

## ATTORNEYS AT LAW

December 7, 2021

Honorable Louis Perret
East Baton Rouge Parish Clerk of Court
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re    Electric Line Technologies, LLC, et al v. Hunting Titan, Inc.
      Docket No. 713,598, Section 26, 19th JDC, East Baton Rouge Parish, LA

Dear Mr. Perrett:

Please have the defendant served through their agent for service of process,

Corporation Service Co.
501 Louisiana Avenue
Baton Rouge, AL  70802

Please notify me of the date and type of service.

With best wishes, I remain,

Very truly yours,

/s/ CHARLES M. KREAMER, SR.

James H. Gibson
Charles M. Kreamer. Sr.
Alan W. Stewart
Phone # 337-761-6023
Fax # 337-761-6061
Email:  jimgibson@gibsonlawpartners.com
Email:  charleskreamer@gibsonlawpartners.com
Email:  alanstewart@gibsonlawpartners.com

**RETURN COPY**



**D7974629**

# CITATION

ELECTRIC LINE TECHNOLOGIES, LLC,
ET AL
(Plaintiff)

**VS**

HUNTING TITAN, INC.
(Defendant)

NUMBER C-713598   SEC. 26

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   HUNTING TITAN, INC.
        THROUGH ITS REGISTERED AGENT
        FOR SERVICE OF PROCESS
        CT CORPORATION SYSTEM
        3867 PLAZA TOWER DR
        BATON ROUGE,  LA 70816

I made service on the named party through the
CT Corporation

**DEC 0 8 2021**

by tendering a copy of this document to
Ashley Minvielle

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

GREETINGS:

        Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.
        You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
        This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 6, 2021.**

*Delinda Bass*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: GIBSON, JAMES HUEY
                (337) 761-6023

*The following documents are attached:
PETITION FOR DAMAGES, VERIFICATION, REQ. FOR NOTICE, REQ. FOR PRODUCTION
SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

PERSONAL SERVICE:  On the party herein named at _____.

DOMICILIARY SERVICE:  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:        After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

RECEIVED
DATE
DEC 0 7 2021
E.B.R. Sheriff Office

CITATION-2000



**RETURN COPY**



**D7989684**

# CITATION

**ELECTRIC LINE TECHNOLOGIES, LLC, ET AL**
(Plaintiff)

**VS**

**HUNTING TITAN, INC.**
(Defendant)

**NUMBER C-713598   SEC. 26**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:    HUNTING TITAN, INC.**
**THROUGH CORPORATION SERVICE CO.**
**501 LOUISIANA AVE.**
**BATON ROUGE,  LA 70802**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 7, 2021.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: GIBSON, JAMES HUEY**
**(337) 761-6023**

*The following documents are attached:
**PETITION FOR DAMAGES**

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:**  On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

I made service on the named party through the
CORPORATION SERVICE COMPANY

DEC 0 9 2021
by tendering a copy of this document to
MELISSA HARDIN

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana



**GIBSON**
**LAW**
**PARTNERS**

ATTORNEYS AT LAW

December 15, 2021

Honorable Louis Perret                          *Via Electronic Filing*
East Baton Rouge Parish Clerk of Court
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re      Electric Line Technologies, LLC, et al v. Hunting Titan, Inc.
        Docket No. C 713,598, Div. 26,  19th JDC, East Baton Rouge Parish, LA

Dear Mr. Perrett:

Enclosed herewith for filing on behalf of plaintiffs, ELECTRIC LINE TECHNOLOGIES, LLC
and DPM (Derouen's Precision Machine), LLC, is a First Supplemental and Amending Petition
with attached Exhibit 1.

Please serve the defendant as indicated and notify me of the date and type of service.

With best wishes, I remain,

Very truly yours,

James H. Gibson
Charles M. Kreamer. Sr.
Alan W. Stewart
Phone # 337-761-6023
Fax # 337-761-6061
Email:  jimgibson@gibsonlawpartners.com
Email:  charleskreamer@gibsonlawpartners.com
Email:  alanstewart@gibsonlawpartners.com

Enclosures

ELECTRIC LINE TECHNOLOGIES, LLC      DOCKET NO. C 713,598, Div. 26
and DPM (DEROUEN'S PRECISION
MACHINE), LLC                           19th JUDICIAL DISTRICT COURT

V.                                   PARISH OF EAST BATON ROUGE

HUNTING TITAN, INC.                  STATE OF LOUISIANA

## FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, ELECTRIC LINE

TECHNOLOGIES, LLC and DPM (DEROUEN'S PRECISION MACHINE), LLC (collectively

"Plaintiffs"), who submit that no answer has been filed in this matter and who respectfully

supplement and amend their original "Petition for Damages" as follows:

I.

Plaintiffs hereby amend their petition to insert the following additional paragraphs:

72.1.

Plaintiffs provided a copy of its original "Petition for Damages" to the Louisiana Attorney

General's office in compliance with Louisiana law.

72.2.

Pursuant to Louisiana law, the Louisiana Attorney General's office has issued a "Notice of

R. S. 51: 1401 Complaint" (attached hereto as **Exhibit 1**), which was received by Plaintiffs on

December 14, 2021.

72.3.

Pursuant to La. R.S. 51:1409, Plaintiffs are entitled to treble damages, reasonable attorney

fees, and costs.

II.

Plaintiffs reaver and reallege all other allegations contained in their original "Petition for

Damages" as if copied herein *in extenso*.

WHEREFORE, premises considered, Plaintiffs, ELECTRIC LINE TECHNOLOGIES,

LLC and DPM (DEROUEN'S PRECISION MACHINE), LLC, respectfully pray for the

following:

    (a) that defendant HUNTING TITAN, INC. be served with a copy of this "First
        Supplemental and Amending Petition for Damages" and be duly cited to appear and
        answer these allegations;

    (b) that, after due proceedings are had before a jury, a judgment be rendered in favor of
        ELECTRIC LINE TECHNOLOGIES, LLC and DPM (DEROUEN'S PRECISION
        MACHINE), LLC and against HUNTING TITAN, INC., for a reasonable amount of

1

damages, including legal interest from the date of judicial demand until paid, reasonable attorney's fees, statutory treble damages, and all costs of court for these proceedings; and

(c) for all general and equitable relief deemed proper in the premises.

Respectfully submitted,

GIBSON LAW PARTNERS, LLC
Attorneys at Law

JAMES H. GIBSON (#14285)
CHARLES M. KREAMER, SR. (#23171)
ALAN W. STEWART (#34107)
2448 Johnston Street (70503)
Post Office Box 52124
Lafayette, LA 70505
Direct Dial: 337-761-6024
Facsimile: 337-761-6061
Email: jimgibson@gibsonlawpartners.com
Email: charleskreamer@gibsonlawpartners.com
Email: alanstewart@gibsonlawpartners.com

-and-

TED M. ANTHONY (21446)
Babineaux, Poché, Anthony & Slavich, LLC
1201 Camellia Blvd Ste. 300
Lafayette, LA 70508
Phone: (337) 984-2505
Fax: (337) 984-2503
Email: tanthony@bpasfirm.com

*Attorneys for plaintiffs, Electric Line Technologies, LLC and DPM (Derouen's Precision Machine), LLC*

**PLEASE SERVE:**

**HUNTING TITAN, INC.**
*Through its registered agent for service of process:*
Corporation Service Co.
501 Louisiana Avenue
Baton Rouge, LA  70802

2



Jeff Landry
Attorney General

**State of Louisiana**
DEPARTMENT OF JUSTICE
PUBLIC PROTECTION DIVISION
P.O. BOX 94005
BATON ROUGE
70804-9005

NOTICE OF R.S. 51:1401 COMPLAINT
The Unfair Trade Practices and Consumer Protection Law

Date of Notice:    December 3, 2021

FROM:    Jeff Landry
Attorney General, State of Louisiana
Public Protection Division
1885 N. Third Street, 4th Floor
Baton Rouge, LA 70802

TO:    Hunting Titan, Inc.
Through its Registered Agent for Service of Process
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

RE:    Electric Line Technologies, LLC and DPM (Derouen's Precision Machine), LLC
*versus* Hunting Titan, Inc.

Notice is hereby given that a formal complaint has been filed against Hunting Titan,
Inc. in connection with certain litigation entitled Electric Line Technologies, LLC and DPM
(Derouen's Precision Machine), LLC *versus* Hunting Titan, Inc.. The petitioner therein
asserts that you are in violation of Louisiana Revised Statutes 51:1401, *et seq.*

This office has not investigated this matter and makes no determination as to the
merits thereof. The purpose of this notice is to place Hunting Titan, Inc. on notice of this
claim, and provide the defendant with the opportunity to evaluate its position and if
necessary to cease such activity. Having received this notice, should the same be found by a

RECEIVED

DEC 1 4 2021

EXHIBIT 1

BY: ................................

court of competent jurisdiction to constitute a violation of Louisiana Revised Statute 51:1401, *et seq.*, the Unfair Trade Practices Act and Consumer Protection Law, the petitioner in said suit will have fulfilled the notice requirement under La. R.S. 51:1409, and may be entitled to treble damages under the statutes.

Notice is hereby given this 3rd day of December, 2021.

State of Louisiana

**JEFF LANDRY**
**Attorney General**

BY: _____

Cathryn Gits
Assistant Attorney General
Consumer Protection Division

CC:    James H. Gibson, Charles M. Kreamer, Sr.
       & Alan W. Stewart
       P.O. Box 52124
       Lafayette, LA 70505

       Ted M. Anthony
       1201 Camellia Blvd., Suite 300
       Lafayette, LA 70508

EXHIBIT 1